UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES MATHIS,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS *et al.*,

    Defendants.

Case No. C06-5651RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
February 15, 2008**

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Before the court is defendant's motion for summary judgment (Dkt # 26).  Plaintiff has not responded and the time for filing any response has past.  This matter is now ripe for consideration.

## FACTS

Defendant's statement of facts is unopposed, the court adopts these facts from defendant's motion for summary judgment:

> Pursuant to DOC policy, inmates may keep up to three bottles of prayer oil in their cells. For those inmates who possess more than three bottles, the facility

REPORT AND RECOMMENDATION- 1

chaplains may hold the surplus prayer oils for later disbursement. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 24:14; Attachment B, DOC Policy Directive Number 560.210; Attachment C, Religious Property Matrix. Additionally, inmates are required to keep their sacred items in a designated box in their cells. Exhibit 2, Declaration of Heidi S. Holland, Attachment B, DOC Policy Directive Number 560.210, IV(A)(3)(d.).

Plaintiff has a history of drug use while incarcerated, having previously tested positive for marijuana and cocaine at two separate times in two separate facilities and having received several infractions for possession of narcotics, refusal to drug test, and positive drug tests. Exhibit 1, Declaration of Patty Willoughby, Attachment A, Legal Face Sheet, pp. 12-13; Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, pp. 7:18-8:17. Plaintiff is currently enrolled in the Phoenix program at MCC-SOU – a dual diagnosis program addressing mental health and substance abuse issues. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 7:6-11.

While at Stafford Creek Corrections Center Plaintiff failed to keep his prayer oils in the designated sacred items box as required by DOC policy and as a result his cellmate had access to it. On May 18, 2006, Corrections Officer Crow observed Plaintiff's cellmate inhaling smoke emanating from a desk lamp light bulb in the cell. Exhibit 2, Declaration of Heidi S. Holland, Attachment A, Excerpts of Deposition of Mathis, pp. 19:4-6, 20:6-10; Attachment B, DOC Policy Directive Number 560.210, IV(A)(3)(d.). Corrections Officer Crow confiscated a one ounce plastic bottle of liquid (which belonged to Plaintiff) and the lamp. Exhibit 2, Declaration of Heidi S. Holland, Attachment A, Excerpts of Deposition of Mathis, p. 20:6-10. Plaintiff never had any problems with Corrections Officer Crow and Corrections Officer Crow had never interfered with Plaintiff's ability to practice his faith. Exhibit, Attachment A, Excerpts of Deposition of Mathis, pp. 21:5-12, 38:24-39:4. Plaintiff knew Corrections Officer Crow was confiscating those items was because of his cellmate's conduct and concedes that oil/liquid that tests positive for methamphetamine should be confiscated. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, pp. 21:10-11, 34:12-17.

After about fifteen minutes Corrections Officer Crow returned, informed Plaintiff that the liquid had tested positive for methamphetamine and confiscated three other similar small plastic bottles – all belonging to Plaintiff2. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 20:25. Plaintiff's cellmate was placed in segregation, but Plaintiff did not receive any type of infraction and was not punished. See Complaint, pg. 12; Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 25:8.

Plaintiff had ten more bottles of prayer oil being held by the facility chaplains. Chaplain Madden suggested that Plaintiff should mail the remaining prayer oils out of the facility given that one bottle had tested positive for methamphetamine. On June 19, 2006, Plaintiff sent Chaplin Brill a kite about getting more prayer oils. Chaplin Brill was no longer employed by DOC and so Plaintiff was advised to contact Chaplain Madden. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, pp. 24:14, 27:6-25. Chaplain Madden gave Plaintiff access to all ten bottles of his remaining prayer oils. Plaintiff took three of them back to his cell and threw the other seven away. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 37:9-22.

Plaintiff is not able to say how long he went without having prayer oils. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 37:3-8. Plaintiff was

REPORT AND RECOMMENDATION- 2

never prevented from and could have ordered more oils. Plaintiff claims he did not have any money to do so, but he never told Chaplain Madden that he could not afford more oil and never filed any grievances related to his prayer oils. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 35:10-13; Exhibit 3, Declaration of Devon Schrum. Plaintiff was also aware that community resources could provide donated prayer oils for him, but he never requested any. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 46:7-12.

Plaintiff has since received the three bottles that were confiscated from his cell after the first bottle tested positive for drugs. Exhibit 2, Attachment A, Excerpts of Deposition of Mathis, p. 44:14-25.

(Dkt. # pages 4 to 6)(footnotes omitted).  Defendants also contend that there is a grievance policy in place that could have addressed plaintiff's issues regarding prayer oils, but, plaintiff did not file a grievance on this subject at any time during 2006 (Dkt # 26, pages 2 and 3).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of

REPORT AND RECOMMENDATION- 3

the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff failed to exhaust available remedies prior to filing this action. Accordingly, his claims must be **DISMISSED WITHOUT PREJUDICE**. Having reached this conclusion the court does not address the remaining arguments raised in the motion for summary judgment

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

REPORT AND RECOMMENDATION- 4

Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008**, as noted in the caption.

DATED this 16 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5